**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LISA GALLEGOS,<br><br>  Plaintiff,<br><br>  v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>  Defendant. | Case No. 16-cv-01268-BLF<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Re: ECF 28] |

Before the Court is Plaintiff Lisa Gallegos' motion for partial summary judgment requesting a ruling that the applicable standard of review is "de novo," and not "abuse of discretion." Mot., ECF 28. For reasons stated below, the Court GRANTS Plaintiff's motion.

**I.  BACKGROUND**

From the parties' briefing and submitted evidence, the following facts relevant to the pending motion are undisputed unless otherwise noted. When Plaintiff was employed by Jazz Pharmaceuticals ("Jazz"), Plaintiff participated in a long-term disability ("LTD") plan sponsored by Jazz and insured by Defendant The Prudential Insurance Company of America ("Prudential"). Mot. 1. Prudential insured the LTD benefits pursuant to the terms and conditions of a group contract. Ex. 2 to Lawson Decl. Prudential also issued a group disability insurance certificate to Jazz and provided a "Summary Plan Description" ("SPD"), describing the terms and conditions of the plans and the claims and appeal procedures. Exs. A and B to Quirk Decl.; Ex. 1 to Freund Decl. The SPD states that "[t]he 'Claim Administrator' is the named fiduciary that serves as the final review committee and, in its sole discretion, has the authority to interpret Plan provisions as well as facts and other information related to claims and appeals." Ex. 1 at PRU-004989 to Freund Decl.; *see also id.* at PRU-004972 (stating that the "Plan Administrator" has discretionary

authority).

Plaintiff seeks to recover LTD benefits based on the claim that she is disabled by Systemic Lupus Erythematosus. Mot. 1; Opp'n 1. Although Prudential approved Plaintiff's benefits for the period of March 15, 2015 through April 12, 2015, it terminated her benefits on April 14, 2015, and also later denied an appeal of that termination. Mot. 1; Answer ¶¶ 15-16, ECF 8. Plaintiff filed the instant action on March 15, 2016, to recover her disability benefits. Compl.

Plaintiff, by this motion for partial summary judgment, is not seeking a ruling on her entitlement to benefits. Mot. 1. Rather, the parties seek a determination of the standard of review the Court should apply when reviewing Prudential's denial of Plaintiff's benefits and request this Court to first rule on the proper standard of review. *Id.* at 1-2; Opp'n 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987).

The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In judging evidence at the summary judgment stage, "the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party." *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513-14 (N.D. Cal. 1995). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving party]." *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).

### III. DISCUSSION

Plaintiff contends that the denial of her benefits must be reviewed de novo because (1) the grant of discretionary authority in the SPD is insufficient, and (2) California Insurance Code section 10110.6 voids any discretionary clauses contained in the plans. Mot. 2, 4. Prudential argues that neither warrants a ruling that the Court should review the denial of benefits under the de novo standard. The Court evaluates each of these grounds in turn.

#### A. SPD's grant of discretionary authority

Plaintiff contends that the denial must be reviewed de novo because the grant of discretionary authority in the SPD is insufficient. Mot. 2. Specifically, Plaintiff asserts that any language vesting the administrator with discretionary authority is found only in the SPD and nowhere in the actual insurance policy or certificate. Mot. 2-3. Because the SPD is not an actual insurance document, Plaintiff argues that the discretion-granting language therein carries no force. Mot. 3 (citing *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011)). Prudential does not dispute that the language is only found in the SPD but that other courts have found the presence of discretion-granting language in the SPD sufficient. Opp'n 4-5 (citing *Shaw v. Prudential Ins. Co. of Am.*, 566 F. App'x 536, 539 (8th Cir. 2014) and *Johnson v. Prudential Ins. Co. of Am.*, No. 11-664, 2012 WL 5378313, at *3 (S.D. Ohio Oct. 31, 2012)).

The standard of review for a denial of ERISA benefits depends upon the terms of the benefit plan. A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The Ninth Circuit has also interpreted this to mean that by default "the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999). If "the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the Plan's terms," an abuse of discretion standard applies. *Firestone*, 489

3

U.S. at 102.

The Court finds that Prudential has failed to show that the plan provides it discretionary authority. Specifically, the Court finds *Amara* persuasive in that language in the SPD cannot form an enforceable provision of an ERISA plan. In determining whether the lower court had authority to alter the terms of an ERISA pension plan, the Supreme Court rejected an argument that the enforceable terms included the "summary plan descriptions." *Amara*, 563 U.S. at 436. Taking into account the provision of ERISA on "summary plan descriptions" that obligates plan administrators to advise participants of their rights and obligations "under the plan," the Supreme Court noted that the information *about* the plan provided by those disclosures is not itself *part of* the plan. *Id.* (emphasis in original) (citing 29 U.S.C. § 1022(a)) (obligating plan administrators to provide a summary plan description). Accordingly, the Supreme Court concluded that the plan terms of statutorily required plan summaries (or summaries of plan modifications) are not enforced (under § 502(a)(1)(B)) as the terms of the plan itself. *Amara*, 563 U.S. at 436. *See also Sullivan v. Prudential Ins. Co. of Am.*, No. 12-01173, 2013 WL 1281861, at *2 (E.D. Cal. Mar. 25, 2013) (noting that "Defendants do not point to any language in the plan documents imbuing the administrator with discretion, other than the SPD," and concluding that "Defendants have not sustained their burden of showing 'the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits'").

The two out-of-circuit cases cited by Prudential are not persuasive. The Eighth Circuit in an unpublished opinion found that the language in a global document titled "Health and Income Protection Program" sufficient in granting the plan administrator discretionary authority. *Shaw*, 566 F. App'x at 539. However, *Shaw* did not hold that language in the SPD alone would be sufficient to imbue the administrator with discretionary authority, and neither did it discuss or acknowledge the Supreme Court holding in *Amara* in relation to the unenforceability of terms in the SPD. *Johnson* is equally unpersuasive because the court there found a separate document, referred to as "the wrap plan," as part of the "written instrument" that establishes the ERISA plan, so concluded that the wrap plan granted the defendant discretionary authority. 2012 WL 5378313, at *4. Notably, the court mentioned in a footnote that the defendant's alternative argument for

4

discretionary authority based on the summary plan description would be unavailing. *Id.* at *4 n.2 (citing *Amara*, 563 U.S. at 436).

Accordingly, without identifying terms granting discretionary authority in the insurance certificate or other documents other than the SPD, Prudential has failed to show that this Court should review its denial of Plaintiff's benefits under the abuse of discretion standard.

### B.   California Insurance Code Section 10110.6

Plaintiff also argues that California Insurance Code section 10110.6 prohibits discretionary clauses contained in disability plans. Mot. 4. As such, regardless of whether the Court finds the language of SPD enforceable, Plaintiff contends that the de novo standard would govern. *Id.* at 4-5 (citing *Nagy v. Grp. Long Term Disability Plan for Employees of Oracle Am., Inc.*, 183 F. Supp. 3d 1015, 2016 WL 1611040 at *9 (N.D. Cal. 2016); *Lin v. Metro. Life Ins. Co.*, No. 15-2126, 2016 WL 4373859, at *5 (N.D. Cal. Aug. 16, 2016)); Reply 3. In opposition, Prudential argues that California Insurance Code governs only insurance contracts, where "indemnity" or "shifting of risk" is the principle object and purpose. Opp'n 6 (citing *Title Ins. Co. v. State Bd. of Equalization*, 4 Cal. 4th 715, 725-26 (1992)). Prudential then asserts that the plan at issue here is a service by Jazz to its employees and not insurance, so it is not subject the state insurance code. Opp'n 6-7 (citing *Powell v. Chesapeake & Potomac Tel. Co. of Va.*, 780 F.2d 419, 423 (4th Cir. 1985) and 29 U.S.C. § 1144(b)(2)(B)). Prudential also argues that ERISA preempts California Insurance Code section 10110.6 and is not exempted by the ERISA "savings clause." Opp'n 10-11.

California Insurance Code section 10110.6 provides, in relevant part:
> (a) If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.

Because the weight of authority is contrary to Prudential's arguments, the Court finds that California Insurance Code section 10110.6 applies to the plan here and voids any grant of

discretionary authority. Defendant's argument that California Insurance Code section 10110.6 is not directed to ERISA plans such as the one here has been rejected in numerous other cases. The court in *Nagy* adopted the de novo standard in reviewing a denial of LTD benefits under an insurance policy issued by an insurance company to an employer. 2016 WL 1611040 at *1. In reaching that determination, the court found that section 10110.6 applies and if it did not, section 10110.6 would be rendered "practically meaningless." *Id.* at *10 (citing *Rapolla v. Waste Mgmt. Employee Benefits Plan*, No. 13-02860-JST, 2014 WL 2918863, at *6 (N.D. Cal. June 25, 2014)); *see, e.g., Gonda v. The Permanente Med. Grp., Inc.*, 10 F. Supp. 3d 1091, 1095 (N.D. Cal. 2014) (finding that section 10110.6 voids the grant and delegation of discretionary authority); *Polnicky v. Liberty Life Assurance Co. of Boston*, 999 F. Supp. 2d 1144, 1149 (N.D. Cal. 2013).

Prudential attempts to distinguish *Nagy* by arguing that *Nagy* concerned discretionary language in a document incorporated by reference into the policy. However, the holdings in *Nagy* and other cases in this District on whether section 10110.6 voids discretionary clauses did not hinge on whether the discretionary language resided in a document outside the policy. There is no reason why the result here should differ when a state law is directed toward a discretionary clause contained in the agreement or another document relating to the administration of an insurance policy. *E.g.*, *Lin*, 2016 WL 4373859, at *5 (rejecting as unpersuasive the defendant's argument that grant of discretion was in an "integral part of the ERISA welfare benefit plan's plan document, not part of an insurance policy or certificate," and finding that section 10110.6 voids the discretionary clause).

Other cases cited by Prudential are inapposite to the facts of this case. *Title Insurance* concerned whether insurance taxes should be imposed on premiums retained by the title companies and whether claims paid by title companies were taxable income to title insurers. *Title Ins.*, 4 Cal. 4th at 720-25. In concluding that the insurance taxes should not be imposed, the court found that the underwriting contracts were not insurance contracts because their main function was to require the "underwritten title company to perform a title search" and indemnification was secondary to this function. *Id.* at 726. Since the facts of *Title Insurance* are unrelated to the case at hand and to California Insurance Code section 10110.6, it has limited application here.

6

Prudential also relies on *Powell* for the proposition that employer "cannot be deemed to be an insurer" by virtue of its sponsorship of the plan pursuant to 29 U.S.C. section 1144(b)(2)(B). 780 F.2d at 423. However, Plaintiff here is not suing her employer. *Powell* thus contains no reasoning relevant to whether a state insurance statute, such as California Insurance Code section 10110.6, can void discretionary clauses in ERISA plans.

As to whether ERISA preempts California Insurance Code section 10110.6, the Court finds Prudential's arguments contrary to Ninth Circuit law. The Ninth Circuit in *Standard Insurance Company v. Morrison* found that Montana's practice of disapproving discretionary clauses is not preempted under 29 U.S.C. section 1144(a) because it falls under the savings clause in section 1144(b). 584 F.3d 837, 845 (9th Cir. 2009). The Ninth Circuit first noted that although ERISA has broad preemptive force, its "saving clause then reclaims a substantial amount of ground." *Id.* at 841. To fall under the savings clause, a regulation must satisfy a two-part test: (1) "the state law must be specifically directed toward entities engaged in insurance," and (2) "it 'must substantially affect the risk pooling arrangement between the insurer and the insured.'" *Id.* at 842 (citing *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003)). The Ninth Circuit then found that the practice of disapproving insurance forms which contain discretionary clauses was specific to the insurance industry. *Morrison*, 584 F.3d at 843. The court also noted that this practice was grounded in policy concerns specific to the insurance industry to ensure "fair treatment of claims by insurers with potential conflicts of interest." *Id.* at 844. As to the second prong, the Ninth Circuit reasoned that because Montana altered "the terms by which the presence or absence of the insured contingency is determined," narrowing the "scope of permissible bargains between insurers and insureds," the practice affected the risk-pooling arrangement. *Id.* at 844-45.

Here, California Insurance Code section 10110.6 bans provisions granting discretion in determining benefits under life insurance or disability insurance plans, not unlike the Montana statute at issue in *Morrison*. Prudential fails to discuss *Morrison* in its opposition, and fails to cite any cases after the *Morrison* decision. Based on *Morrison*, the Court finds that ERISA does not preempt California Insurance Code section 10110.6. *E.g.*, *Murphy v. Cal. Physicians Serv.*, No. 14-02581-PJH, 2016 WL 5682567, at *8 (N.D. Cal. Oct. 3, 2016) (finding *Morrison* dispositive in

1  determining that ERISA does not preempt section 10110.6).

### IV. ORDER

For the foregoing reasons, the court GRANTS Plaintiff's motion for partial summary judgment.  The standard of review shall be de novo.

Dated: January 3, 2017

_____
BETH LABSON FREEMAN
United States District Judge